## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BRIGETTE MCGOWAN,

                Plaintiff,                    Case No. 2:24-cv-13362

v.                                        Hon. Brandy R. McMillion
                                                United States District Judge

UNIVERSITY OF MICHIGAN,

                Defendant.

_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS (ECF NO. 8)

Before the Court is Defendant University of Michigan's ("U of M") Motion to Dismiss Plaintiff Brigette McGowan's ("McGowan") Complaint. ECF No. 8. McGowan alleged federal and state law claims against U of M for employment discrimination and retaliation under the Americans with Disabilities Act ("ADA"), retaliation under the Family Medical Leave Act ("FMLA"), and two additional claims for breach of contract and wrongful termination pursuant to Michigan law. *See generally* ECF No. 1. The Motion has been adequately briefed, so the Court will rule without a hearing. *See* ECF Nos. 9,10; E.D. Mich. LR. 7.1(f). For the reasons stated below, U of M's Motion is **GRANTED**.

## I.

McGowan worked full-time at U of M as a cook for 11 years.  *See* ECF No. 1, PageID.2.  During her employment, she injured her ankle while working in one of the dining halls.  *Id.*  Since the incident, she has suffered ongoing pain and mobility issues.  But as a cook, she was "expected to stand and/or walk" during her shift, despite needing to rest and elevate her ankle.  *Id.* at PageID.3.  McGowan worked until August 23, 2022, then took short-term disability leave to undergo ankle surgery around September 8, 2022.  She remained on short-term disability leave until June 2023 and then returned to work.  *See id.* at PageID.4.

Before returning, McGowan's doctor advised in writing that she be equipped with the following conditions: perform sedentary work, remain seated for majority of the time except for limited walking and standing, with regular breaks to move and stretch.  *Id.*  U of M acknowledged McGowan could return to work, but only at a position that did not require her to primarily stand or walk.  *Id.*  McGowan alleges this request was accommodated until September 2023, when her manager did not allow her to return to work as a greeter.

In response, McGowan took short-term disability leave, pursuant to FMLA, which lasted until it expired around January 2024.  *Id.*  At that time, U of M informed McGowan that her short-term disability leave had been exhausted and "Work Connections continues to support your permanent restrictions; however, M|Dining

cannot [sic] accommodate these restrictions." *Id.* at PageID.5. McGowan then

proceeded to request long-term disability. *Id.* However, she was informed via email

by U of M that

> 'in order to be eligible for [long-term disability] coverage, you must be
> actively at work. Actively at work means you are present in the
> workplace at your regular appointment effort. You are not considered
> actively at work if you are absent from the workplace for medical,
> childcare, personal leaves, leave without salary, or while using
> extended sick time pay.' Because you have coded days of ETW, UET
> and PST (between July 24, 2023 – September 7, 2023), this does not
> consider you to be actively working.

*See id.* U of M also informed McGowan that she could not regain her long-term

disability because of unexcused absences during the summer of 2023 related to her

medical needs and severe pain. *Id.* at PageID.6. McGowan then decided she would

take an unpaid leave of absence and informed U of M in writing. *Id.* at PageID.7.

However, due to technical issues, she was unable to have the required forms

submitted to U of M before the deadline of January 26, 2024. As a result, U of M

terminated McGowan.

Before initiating this lawsuit, McGowan filed and was denied a formal

grievance through her union CBA. *Id.* at PageID.8. On September 16, 2024, she

filed a charge of discrimination with the EEOC, which issued a Notice of Right to

Sue letter on the same day. *Id.*; *see also* ECF No. 1-1, PageID.17. McGowan filed

this action on December 16, 2024. *See generally* ECF No.1. The case was originally

assigned to the Honorable F. Kay Behm, then reassigned to the undersigned. *See*

ECF No.3.  An order for show cause as to why this matter should not be *sua sponte* dismissed for failure to prosecute was issued and responded to by McGowan.  *See* ECF Nos. 5, 6.  This Motion followed shortly thereafter.  *See* ECF No. 8.  The Motion has now been fully briefed, *see* ECF Nos. 9, 10, and the Court will rule without a hearing based on the record before it.  *See* E.D. Mich. LR 7.1(f).

## II.

"A claim of sovereign immunity challenges the court's subject matter jurisdiction and, as such, is properly raised under Federal Rule of Civil Procedure 12(b)(1)." *Skidmore v. Access Grp., Inc.*, 149 F. Supp. 3d 807, 809 (E.D. Mich. 2015) (citing *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009)).  Such a motion "either *facially* or *factually* attack[s] jurisdiction." *L.C. v. United States*, 83 F.4th 534, 542 (6th Cir. 2023) (emphasis in original).  Facial attacks focus on whether the plaintiff has alleged a basis for subject-matter jurisdiction, challenging subject-matter jurisdiction "without disputing the facts alleged in the complaint" and "requir[ing] the court to treat the allegations of the complaint as true." *Id.* (quotation marks and citations omitted).  Conversely, factual attacks "challenge[] the factual existence of subject matter jurisdiction," attacking the factual allegations underlying jurisdictional assertions, either by "the filing of an answer or otherwise presenting competing facts." *Id.* (quotation marks and citations omitted).

4

Defendants' Motion presents a factual attack on the Court's subject-matter jurisdiction. *See* ECF No. 8, PageID.43. A factual attack is a challenge to the factual existence of subject matter jurisdiction. *Gen. Ret. Sys. of City of Detroit v. Snyder*, 822 F. Supp. 2d 686, 693 (E.D. Mich. 2011). There is no presumption of truthfulness as to Plaintiff's complaint and "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (quoting *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). The burden remains with Plaintiff to establish that jurisdiction exists. *Shepherd v. Cancer & Hematology Centers of W. Michigan*, P.C., No. 1:22-CV-734, 2023 WL 4056342, at *5 (W.D. Mich. Feb. 28, 2023) (citing *Rogers v. Stratton Indus. Inc.*, 798 F.2d 913, 915 (6th Cir. 1986) (per curiam)).

## III.

### A.  SOVEREIGN IMMUNITY

U of M argues that all of McGowan's claims (ADA, FMLA, and state law claims) are barred by the doctrine of sovereign immunity. *See* ECF No. 8, PageID.43. As an arm of the State of Michigan, the University asserts that it is entitled to Eleventh Amendment immunity from suit in federal court. *Id.* at PageID.44. The Court agrees.

The Eleventh Amendment protects states and their departments from federal lawsuits unless they consent to be sued or Congress, pursuant to a valid exercise of

its power, unequivocally expresses its intent to abrogate sovereign immunity.  U.S. Const. amend. XI; *Ashford v. Univ. Mich.*, 89 F.4th 960, 969 (6th Cir. 2024); *see also Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021); *Morgan v. Bd. Of Pro. Resp. of the Sup. Ct. of Tenn.*, 63 F.4th 510, 515 (6th Cir. 2023).  And here, the State of Michigan has not consented to suit in federal court, nor has Congress abrogated Eleventh Amendment immunity in the claims at issue.  In the context of the ADA, the Supreme Court has expressly recognized that "Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I . . . ." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 n.9 (2001); *see also Whitfield v. Tennessee*, 639 F.3d 253, 257 (6th Cir. 2011) (same).  Similarly, FMLA claims are not validly abrogated against state sovereign immunity.  *See Touvell v. Ohio Dep't of Mental Retardation & Developmental Disabilities*, 422 F.3d 392, 400 (6th Cir. 2005).

Here, McGowan challenges that her ADA claims are brought pursuant to Title V and not Title I; therefore, her ADA retaliation claims should stand because U of M fails to identify binding precedent that proves it is entitled to sovereign immunity. *See* ECF No. 9, PageID.53.  However, as U of M points out in its Reply Brief, the Sixth Circuit has held that retaliation claims under Title V are akin to Title I ADA claims and "if Congress did not validly abrogate Eleventh Amendment immunity for Title I claims, then it also did not abrogate Eleventh Amendment immunity for a

claim under Title V...”  *See* ECF No. 10, PageID.69 (citing *Stanley v. Western Mich. Univ.*, 105 F.4th 856, 866 (6th Cir. 2024)).

Similarly, “[t]he Eleventh Amendment to the U.S. Constitution grants immunity to states from litigation on state law claims in federal court.”  *See VIBO Corp v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012).  And further, pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a pendent state claim if the district court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(2); *see also Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) (“When all federal claims are dismissed before trial, the balance of consideration usually will point to dismissing the state law claims . . . .”).  Therefore, McGowan’s state law claims are also subject to dismissal.

Consequently, because U of M did not give consent to be subject to McGowan’s claims under the ADA (Counts I and II), the FMLA (Count III), or the state law claims (Counts IV and V), this suit is barred under the Eleventh Amendment.

## B.    AMENDMENT

Lastly, in the Response to this Motion, McGowan raises a potential request to amend her Complaint pursuant to Federal Rule 15(a).  *See* ECF No. 10, PageID.69. Federal Rule 15 allows a party to amend its pleadings once as a matter of course, but

subsequent amendments are allowed only with "the opposing party's written consent or the court's leave."  *See* Fed. R. Civ. P. 15(a)(1), (2).  And while amendments should be freely given when justice so requires, the Court does not have to allow a party to amend the complaint if doing so would be futile.  *Martin v. Trott Law, P.C.*, 198 F. Supp. 3d 794, 814 (E.D. Mich. 2016).

First, the Response Brief is not the proper method to request leave to amend. Pursuant to local court rules, to request leave to amend, the requesting party must submit a separate filing to amend the complaint, not request that relief within a response to a motion.  *See* E.D. Mich. LR 15.1.  But here, amendment would be futile, so there is no need for the Court to consider a separate motion.  McGowan suggest that "[u]niversities often outsource their dining services to third-parties, which are not entitled to immunity under the Eleventh Amendment."  ECF No. 9, PageID.55.  And since "dining services are provided by Michigan Dining" which is "comprised of twelve on campus cafes and seven markets, seven residential dining halls, the Michigan Bakery and the Michigan catering unit[,]" she could request amendment if she determines this entity to be non-governmental in nature.  *Id.* However, U of M confirms that Michigan Dining is a department of the university and not a separate third-party entity.  ECF No. 10, PageID.70, ECF No. 10-1, PageID.75.  Therefore, the Court finds that Michigan Dining would be subject to the

same immunity protections as the University itself.  And therefore, amendment would be futile, and any amended complaint would still be subject to dismissal.

## V.

Accordingly, the Court finds Eleventh Amendment immunity bars McGowan's claims against U of M.  The Court **GRANTS** U of M's Motion to Dismiss (ECF No. 8) and this case is **DISMISSED**.

***This is a final order that closes this case.***

**IT IS SO ORDERED.**

Dated: November 4, 2025                          s/Brandy R. McMillion
       Detroit, Michigan                          HON. BRANDY R. MCMILLION
                                   United States District Judge